**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALLEN WIMBLEY,

                Plaintiff,

                                                    Case No. 8:14-cv-2641-J-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Allen Wimbley ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB"), widower's insurance benefits ("WIB"), and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of depression, diabetes, "heart issues," night sweats, "weak back," and shoulder pain. See Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed January 14, 2015, at 156 (emphasis omitted). Plaintiff filed his applications on April 21, 2011,[2] alleging an onset date of January 1, 2010. Tr. at 117-20 (DIB); Tr. at 131-34 (WIB); Tr. at 124-28 (SSI). The applications were denied

---

      [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed January 14, 2015; Reference Order (Doc. No. 15), entered January 15, 2015.

      [2] Elsewhere in the administrative transcript, the filing date is indicated as April 19, 2011. See Tr. at 152 (Disability Report); Tr at 16 (Decision of the Administrative Law Judge). The discrepancy is immaterial to the issues presented here.

initially, Tr. at 56, 67-68, 72 (DIB); Tr. at 57, 80-81,[3] 85 (WIB); Tr. at 58, 73-74, 79 (SSI), and denied upon reconsideration, Tr. at 65, 87-88, 92 (DIB); Tr. at 66, 93-94, 98 (SSI).[4]

On December 3, 2012, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel. Tr. at 32-43. At the time of the hearing, Plaintiff was fifty-seven (57) years old. Tr. at 35. On January 11, 2013, the ALJ issued a Decision finding Plaintiff not disabled "from January 1, 2010, through the date of th[e D]ecision," and denying Plaintiff's claim. Tr. at 26; see Tr. at 16-27. Plaintiff then requested review by the Appeals Council, Tr. at 11, and submitted evidence to the Council in the form of a brief authored by his attorney, Tr. at 9-10; see Tr. at 219-20 (attorney's brief). On May 30, 2014, the Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Commissioner. Tr. at 5-8. On October 20, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: (1) whether the ALJ "erred in finding that . . . Plaintiff could do past relevant work [('PRW')] without utilizing the services of a vocational expert"; and (2) whether the ALJ erred by "fail[ing] to develop the record." Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 23; "Pl.'s

---

[3]   This Notice of Disapproved Claim form does not refer specifically to Plaintiff's WIB application, but the claim number on the form corresponds to the number on the WIB application. See Tr. at 80, 131.

[4]   The administrative transcript does not appear to include documents denying Plaintiff's WIB claim on reconsideration. The WIB claim was later considered and denied, however, by the Administrative Law Judge. See Tr. at 27.

Mem."), filed June 15, 2015, at 2; see id. at 5-8.  Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") on August 13, 2015.  After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons stated below.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform PRW; and (5) retains the ability to perform any work in the national economy.  20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ proceeded through step four of the five-step sequential inquiry, where his inquiry ended based on his step four finding.  See Tr. at 19-26.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date."  Tr. at 19 (emphasis and citation omitted).  At step two, the

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

ALJ found that Plaintiff "has the following severe impairment: degenerative disc disease (DDD)." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] lift and carry 50 pounds occasionally and 25 pounds frequently; stand, walk, or sit for six hours in an eight-hour workday. He has no limitations in ability to push or pull with hand or foot controls. He is able to frequently climb stairs/ramps, balance, stoop, kneel, crouch, or crawl. [Plaintiff] has the ability to climb ropes, ladders, or scaffolds occasionally. Overhead reaching is limited to a frequent basis with the left upper extremity; otherwise, he has no manipulative limitations. He has no visual, communicative, or environmental limitations. [Plaintiff] can hear, understand, learn, remember and carryout simple routine and complex work instructions; deal with routine changes in a work setting on a sustained basis; and sustain attention and concentration sufficiently to be productive. He is able to complete an eight-hour workday, five-day workweek. [Plaintiff] is capable of accepting instruction and responding appropriately to supervision. He is able to interact appropriately with co-workers, supervisors and the general public. He has the ability to be aware of common hazards in the workplace and take appropriate precautions.

Tr. at 21 (emphasis and citations omitted). At step four, the ALJ found that Plaintiff "is capable of performing [PRW] as a Sheet Metal Fabricator. This work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 26 (emphasis and citation omitted). Because the ALJ found Plaintiff is capable of performing his PRW, the ALJ was not required to and did not proceed to step five. The ALJ concluded that Plaintiff "has not been under a disability . . . from January 1, 2010, through the date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'"  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

Because Plaintiff's two issues both concern the ALJ's step-four finding that Plaintiff is capable of performing his PRW, the undersigned addresses them together.  Plaintiff argues that the ALJ erred by not relying on a VE to determine whether Plaintiff is capable of

performing his PRW, see Pl.'s Mem. at 5-6, and by failing to develop the record as to Plaintiff's PRW, see id. at 6-8.

Generally, a claimant will be found "not disabled" if a claimant has the RFC "to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy)." SSR 82-62, 1982 WL 31386, at *3. In making this determination, three possible tests may be used. See SSR 82-61, 1982 WL 31387, at *1. The first asks whether the claimant retains the ability to perform a past relevant job based on a broad occupational classification of that job—for example, a "packaging job."[6] Id. The second test looks to whether the claimant retains the capacity to perform the particular functional demands and duties of a past job as he or she actually performed it. Id. at *1-2. Third, the ALJ may consider whether the claimant retains the capacity to perform the functional demands and duties of the job as ordinarily required by employers throughout the national economy. Id. at *2. For the third test, SSR 82-61 notes that "[t]he Dictionary of Occupational Titles (DOT) descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is usually performed in the national economy." Id. (some emphasis omitted). If the claimant is found to have the capacity to perform a past job under any of these tests, he or she will be found not disabled. Id.

"To support a conclusion that [a claimant] is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of

---

[6] This test is not favored due to the vastly different functional demands that may exist in different jobs, even though the jobs may be placed in the same generic category. SSR 82-61, 1982 WL 31387, at *1.

[the claimant's] impairments." Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (citations omitted).  In making this determination pursuant to one of the tests described above, an ALJ must make the following specific findings:

> 1.  A finding of fact as to the individual's RFC.
> 2.  A finding of fact as to the physical and mental demands of the past job/occupation.
> 3.  A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4.  The ALJ's finding that a claimant can perform PRW "must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).  The finding also "must be developed and explained fully in the disability decision.  Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit."  SSR 82-62, 1982 WL 31386, at *3.

Here, the ALJ applied the second test and made the required findings at step four of the sequential evaluation process.  See Tr. at 26.  The ALJ "conclude[d] that the [RFC] as determined does not preclude the performance of PRW as a Sheet Metal Fabricat[or] as [Plaintiff] performed the occupation."  Tr. at 26 (emphasis added).  In reaching this conclusion, the ALJ noted that this occupation "requires lifting of ten to no more than 30 pounds with no climbing and very little bending, stooping, kneeling, crawling, or crouching," and that it "hardly ever [requires] lift[ing] anything above the shoulders."  Tr. at 26. Substantial evidence in the record clearly supports the ALJ's characterization of the demands of the sheet metal fabricator job that Plaintiff actually performed.  See Tr. at 200 (Administration document reporting Plaintiff's account of what he did as a sheet metal

fabricator). As the ALJ properly found, these demands are consistent with the RFC finding; that is, Plaintiff's limitations as stated in the RFC would permit him to handle the demands of the job as Plaintiff performed it. See Tr. at 21. Accordingly, the undersigned finds no error in the ALJ's decision not to consult with a VE or develop the record further[7] as to Plaintiff's PRW. The ALJ's findings are reasonable and supported by substantial evidence.

## V. Conclusion

In accordance with the foregoing, it is hereby **ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to 42 U.S.C. § 1383(c)(3) and sentence four of § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on February 17, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:
Counsel of record

---

[7] "The ALJ's duty to develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Reed v. Astrue, 901 F. Supp. 2d 1331, 1338 (S.D. Ala. 2012). Such is not the case here.